FILED
SUPERIOR COURT
OF GUAM

2019 SEP 10 PM 4:02

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DAVID J. LUJAN , ) | Civil Court Case No. CV1472-07 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **DECISION AND ORDER** |
| DEBBIE N. QUINATA ET AL ) | Re: Jurisdiction of *Judge Pro Tempore* |
| ) | |
| Defendants ) | |
| _____ ) | |

On May 13, 2019 Attorney for Plaintiff Lujan filed a motion contesting the jurisdiction of a *Judge Pro Tempore* to hear this matter and the Attorney for the third party defendant filed essentially the same motion.

The first basis of the motion is that the prerequisites of appointing a *Judge Pro Tempore* have not been met. Both attorneys assert that there was no evidence in the record that there has been compliance with 7 G.C.A. 6106. The court takes judicial notice that this matter was filed in 2007 prior to the promulgation of Judicial Disqualification rules and forms on November 21, 2013. The Declaration of the Clerk of Court states that before the Supreme Court promulgated the Judicial Disqualification rules and forms disqualification and reassignments were formally presented in memorandum form from the assigned judge to the Clerk of Court. The Declaration of the Clerk of Court indicates that there is record of memorandums from all the judges currently on the bench in the Superior Court of Guam except for Honorable Judges Iriarte and Cenzon who filed a Form One Disqualification Memorandum. The briefs of both parties indicate that there is no record of the disqualification of the Honorable Anita A. Sukola even though her memorandum requesting reassignment of the case dated April 12, 2010 was served on the attorneys of record per note on the memorandum. The prerequisite of 7 G.C.A. § 7106 have been met.

The second basis for the jurisdictional objection is the wording of the appointment of the Judge Pro Tempore. Citing to *Lujan v. Lujan* 2000 Guam 21, ¶15, 18, the parties contend that the

1

appointment is for an indefinite term. Unlike the appointment of Judge Pro Tempore Marty Taylor in the Lujan case, the appointment in this case is limited to the disposition of the matter *or until further order of the Supreme Court.* If a new trial judge is appointed to the Superior Court before the case is over, the Supreme Court can terminate the appointment. The appointment is further limited by a contract which ends at the end of 2019.

It should be noted that the Supreme Court having authored the Opinion of *Lujan v. Lujan* is aware of the opinion and therefore it can be assumed that the appointment was drafted with the Opinion in *Lujan v. Lujan* mind.

Therefore the motion contesting the jurisdiction of the court is denied.

IT IS SO ORDERED this 10th day of September, 2019.

**HONORABLE MARIA G. FITZPATRICK**
**Judge *Pro Tempore* Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box on:
Lujan
Concepcion
Date: 9/10/19  Time: 4:15
Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box on:
Moshy
Van de vela
Date: 9/10/19  Time: 4:15
Deputy Clerk, Superior Court of Guam